**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-14131

Non-Argument Calendar

_____

DONALD GEORGE,

*Plaintiff-Appellant,*

*versus*

GROOME TRANSPORTATION,

GROOME TRANSPORTATION OF ALABAMA LLC,

*Defendants-Appellees.*

_____

Appeal from the United States District Court

for the Northern District of Alabama

D.C. Docket No. 2:24-cv-00149-MHH

_____

Before JILL PRYOR, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

The district court dismissed Donald George's pro se complaint for failure to prosecute. On appeal, George argues that

the district court lacked jurisdiction because the defendant's removal was improper. We disagree, and affirm.

George's complaint invoked several provisions of federal law—42 U.S.C. § 2000e (also known as Title VII of the Civil Rights Act of 1964), 42 U.S.C. § 1981, and the Due Process Clause—any of which provides a basis for federal jurisdiction under 28 U.S.C. § 1331. *See Schleider v. GVDB Operations, LLC*, 121 F.4th 149, 155–56 (11th Cir. 2024). To remove to federal court, a defendant must act within thirty days of being served with the complaint. *See* 28 U.S.C. § 1446(b). Here, the complaint was served on January 9, and the defendant satisfied that requirement by filing for removal on February 8. George argues that the clock should have started on December 15 when he filed the complaint. That is incorrect; the removal statute itself states that the thirty-day window starts when the complaint is served. *See* 28 U.S.C. § 1446(b). Removal was timely.

George's remaining arguments are frivolous. We find the district court had jurisdiction and **AFFIRM**.